IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES NEWSOME, #619654 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv551 |
| DOUG DRETKE, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Michael James Newsome, a prisoner confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983.  The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on December 7, 2007.  The Plaintiff alleged that he was assaulted by Captain John R. McDaniel and Sgt. John Rhinehart.  On April 4, 2008, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims.  The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim."  *Id.* at 180.  The hearing is "in the nature of a motion for more definite statement."  *Id.* at 180-181.  The Plaintiff testified as to the factual basis of his claims.  Regional Grievance Coordinator Chip Satterwhite, Assistant Warden Wesley Pratt and Nurse Barbara Hughes were present during the hearing in the

1

event the Court wanted testimony about information contained in the Plaintiff's records, including his medical records.

The Plaintiff testified that the incident began in a day room at the Beto Unit on May 26, 2007. Officer Sknall was on duty at the time.  He left the area for a few minutes.  A hot box containing breakfast for the inmates was delivered during Officer Sknall's absence.  When Officer Sknall returned, the Plaintiff asked him if he and the other inmates in the day room could have breakfast. Officer Sknall then permitted all of the inmates to get a food tray, except for the Plaintiff.  The Plaintiff complained and asked for a ranking officer, and Sgt. Rhinehart arrived on the scene.  Sgt. Rhinehart told the Plaintiff that he was going to be locked up for a disciplinary case.  The Plaintiff asked to speak to his supervisor, and Captain McDaniel came into the room.  Captain McDaniel ordered the Plaintiff on the floor.  The Plaintiff testified that Captain McDaniel assaulted him as he was complying.  He added that Captain McDaniel placed a finger in his left eye, pulled on his nose with his fingers and kicked him in head.  Sgt. Rhinehart participated in the assault.  He jumped on the Plaintiff's back, reinjuring it, and twisted the Plaintiff's legs.  The Plaintiff testified that his back has not been the same since the incident.  The Court notes that the Plaintiff walked with a cane to and from the courtroom.  The Plaintiff testified that he was transported to the infirmary after the incident.  Injuries to his eye and nose were noted.  The Plaintiff indicated that he wanted to sue the Defendants in their official capacities for excessive use of force and assault and battery.

The Plaintiff testified that he sued Warden Biscoe because he wrote to him about the matter and did not receive a response.  He sued Director Dretke because he was told that he had to sue Dretke in order to sue any subordinates against him.  In his complaint, he stated that he was suing them for being vicariously liable.

Nurse Hughes testified under oath from the Plaintiff's medical records.  She stated that the medical records specify that his injuries consisted of a scratch on his nose, a bruise near his eye, a red left eye, and a red mark on his temple.  His back was not mentioned, although problems with his back were mentioned both before and after the incident.

The Plaintiff testified that he wanted to add Officer Sknall as a defendant.  He wanted to add him because he started the whole problem.  He also filed a false disciplinary case against him for fighting with another inmate.  The Plaintiff was given a deadline of April 18, 2008, to file an amended complaint adding Officer Sknall as a defendant.  He did not file an amended complaint.

The Plaintiff was also asked to explain his basis for suing the Defendants pursuant to the *Ruiz* stipulations.  He asserted that they had not complied with the *Ruiz* stipulations.  He also alleged that he has been the victim of retaliation  since filing a case in state court, Civil Action No. 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, on August 17, 2007.  He did not discuss the factual basis of his retaliation claims in either his original complaint or amended complaint.  He testified, however, that Captain McDaniel has retaliated by threatening him.  The Plaintiff added that he tries to stay away from Captain McDaniel.

## Discussion and Analysis

The Plaintiff's primary claim concerns allegations of excessive use of force.  The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  An excessive use of force claim has both subjective and objective components. *Id.* at 8.  In other words, there is the issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation.  *Id.*

A claimant must allege and prove there was an "unnecessary and wanton infliction of pain." *Id.* at 5.  In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. (internal quotation and citation omitted).  The absence of a serious injury is relevant to but not dispositive of the excessive force claim.  *Id.*

In the present case, the Plaintiff has alleged facts that support an inference that Captain McDaniel and Sgt. Rhinehart unnecessarily and wantonly used force against him.  The facts as alleged give rise to a potentially meritorious excessive use of force claim, along with a potentially meritorious supplemental state claim for assault, against Captain McDaniel and Sgt. Rhinehart.

The claims against Director Doug Dretke and Warden Chuck Biscoe are another matter.  In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong.  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  Neither individual participated in the alleged acts of misconduct.  The only way they could possibly be implicated in these claims is through their supervisory capacity.  Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory.  The Plaintiff was incorrect in trying to sue them under vicarious liability theory.   A supervisor may be held liable if either of the following exists:  (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations.  *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987).  Neither condition is satisfied.  There is no basis for a lawsuit against Director Doug Dretke and Warden Chuck Biscoe.

The Plaintiff also wanted to sue the Defendants for alleged violations of the *Ruiz* stipulations. Violations of the remedial orders issued in the *Ruiz* class action lawsuit do not give rise to a civil rights lawsuit. *Green v. McKaskle*, 788 F.2d 1116, 1124 (5th Cir. 1986). The Court notes that the Plaintiff testified that he sued Director Dretke because other inmates told him he had to sue the Director in order to sue the remaining Defendants. It also appeared that the added the *Ruiz* claims because he was told to do so, although it does not appear that he understood why he was bringing the *Ruiz* claims. The advice given to him on both counts was erroneous. The pleadings in this case reveal that he received assistance from Michael Anthony Moore, another inmate, who attempted to intervene in this case. The Fifth Circuit imposed a bar against Moore pursuant to 28 U.S.C. § 1915(g) in *Moore v. Cockrell*, No. 01-40331 (5th Cir. Aug. 23, 2001), because of his history of frivolous litigation. Moore has not been permitted to intervene in this case, and the Plaintiff should think twice before relying upon his advice.

The Plaintiff also included a retaliation claim. He asserted that he and Michael Anthony Moore have been the victim of retaliation since they filed Civil Action Number 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, in state court on August 17, 2007. No specifics were provided. To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). For example, the law is well established that prison officials may not retaliate against an inmate who exercises his right of access to court. *Ruiz v. Estelle*, 679 F.2d 1115, 1153 (5th Cir. 1982), *opinion amended in part and vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983). Officials likewise may not retaliate against an inmate for using

the grievance system. *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989). A plaintiff must allege facts showing that the defendant possessed a retaliatory motive. *See Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985). The inmate must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997); *Jones v. Greninger*, 188 F.3d at 324-25. Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). He must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). Finally, the retaliatory adverse act must be more than a *de minimis* act. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 596 (2006). In *Morris*, the Fifth Circuit held that a job transfer from the commissary to the kitchen was *de minimis*, while a transfer to a more dangerous unit was a sufficiently adverse retaliatory act. *Id.* at 687.

In the present case, to the extent that the Plaintiff's retaliation claim includes the use of force incident on May 26, 2007, the chronology of events does not work since the state lawsuit was filed thereafter on August 17, 2007. The only other facts provided by the Plaintiff that could plausibly amount to retaliation concerned Captain McDaniel making verbal threats against him. The Plaintiff did not, however, allege facts showing that Captain McDaniel threatened him in response to any grievances or lawsuits. His claim is conclusory. Moreover, a mere threat is a *de minimis* act and insufficient to provide a basis for a potentially meritorious civil rights lawsuit.

Overall, the Plaintiff has alleged facts that give rise to a potentially meritorious excessive use of force claim, along with a supplemental state claim for assault, against Captain John McDaniel and

6

Sgt. John Rhinehart.  However, there are significant problems with the lawsuit.  The Plaintiff stated that he is suing them for money in their official capacities.  The Eleventh Amendment bars civil rights claims by inmates for damages against prison employees for acts in their official capacities.  *Ganther v. Ingle*, 75 F.3d 207, 209-210 (5th Cir. 1996).  He may sue them only in their individual capacities for damages.  *Id.*  He also sought relief under state law, however, federal claims are governed by federal law.  Finally, he asked to have the Defendants investigated by a federal grand jury, but he does not have a constitutional right to have someone criminally prosecuted.  *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).  Due to the relief that he is seeking, the Plaintiff's claims fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact.  The case should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  It is therefore

**ORDERED** that the lawsuit is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  All motions not previously ruled on are **DENIED**.  It is finally

**ORDERED** that the Plaintiff has thirty days from the receipt of this Order to file a motion for relief from the judgment with an attached amended complaint that limits his lawsuit to claims against Captain John McDaniel and Sgt. John Rhinehart in their individual capacities for damages for excessive use of force, along with supplemental state claims for assault.

**So ORDERED and SIGNED this 22nd day of May, 2008.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE